**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **JERRY L. ROBINSON,** | ) |
| **Petitioner,** | ) ) ) |
| vs. | ) ) Case No. CIV-08-1017-F |
| **H. A. LEDEZMA, Warden,** | ) ) ) |
| **Respondent.** | ) |

**REPORT AND RECOMMENDATION**

Petitioner, a federal prisoner appearing pro se, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the execution of his sentence. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Respondent has moved to dismiss the action on the ground that the petition is moot. [Doc. No. 9]. Petitioner has not responded, and the time granted Petitioner for responding has expired. LCvR 7.1(g).[1] For the following reasons, it is recommended that the petition be dismissed as moot.

At the time he filed this action, Petitioner was incarcerated at the Federal Correctional Institution (FCI) in El Reno, Oklahoma, serving a 120-month term of imprisonment imposed by the United States District Court of Kansas on June 24, 2005, for his conviction of possession with intent to distribute a mixture containing a detectable quantity of marijuana

---

[1] In an order entered December 12, 2008, Petitioner was advised of the requirements of Local Civil Rule 7.1( g), including the provision that absent a response from him the motion could be confessed and the petition dismissed.

(approximately 1,300 grams of marijuana) in Case No. 04CR40107-001-RDR. Respondent's Motion Under 12(b)(1) for Dismissal of Petitioner's Habeas Petition as Moot for Lack of Subject Matter Jurisdiction with Brief ("Respondent's Motion"), Ex. 1 (Declaration of Daniel R. Severson, Paralegal); Ex. 1, Attachment 1 (Sentence Monitoring Computation Data).

In this action, Petitioner does not challenge his underlying federal conviction, but alleges that his federal sentence is being incorrectly calculated.[2] Specifically, he alleges that he has not been given credit on his federal sentence for time spent in service of a Kansas state sentence. Petitioner requests that "approximately 667 days" be credited to his federal sentence. Petition, p. 4.

## Discussion

Respondent seeks the dismissal of the petition on the ground of mootness. In support of Respondent's motion, Respondent contends that Petitioner's habeas action is moot because after Respondent was directed to respond to the instant petition, the Bureau of Prisons ("BOP") reviewed Petitioner's habeas petition and determined that Petitioner "was

---

[2]Petitioner states that on June 29, 2006, he filed in the District Court of Kansas a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, "on similar grounds." Petition, p. 2. He states that his § 2255 motion was "denied on September 13, 2006, without prejudice, for failure to exhaust Administrative Remedies" and, "[s]ince the District Courts (sic) denial of the Motion to Vacate, Petitioner has exhausted all available Administrative Remedies by filing Institutional, Regional, and Central Office appeals . . . that have all been rejected." *Id.* According to Petitioner, "[t]his Civil Action is the final remedy left to rectify Respondent's flawed evaluation, assumptions, and conclusion." *Id.*

The undersigned finds that the instant petition attacks the execution of Petitioner's federal sentence rather than the validity of his conviction or sentence, and therefore, it is properly considered pursuant to 28 U.S.C. § 2241. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ("A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined.") (citation omitted).

entitled to the relief sought in the petition " and "a new sentence computation was completed wherein Mr. Robinson was granted exactly 671 days credit towards service of his current federal sentence."  Respondent's Motion, Ex. 1 (Severson Declaration), p. 2, ¶ 4 (citing Attachment 1).[3]  Respondent has provided documentary evidence in the form of a "Sentence Monitoring Computation Data as of 11-05-2008" for Petitioner which reflects that his projected release date has been amended to reflect May 11, 2013, rather than the previously calculated release date of March 12, 2015.  Respondent's Motion, Ex. 1, Attachments 1 and 2.  Respondent contends that because Petitioner has received the relief he requested in the instant action, there is no longer any actual controversy sufficient to invoke this Court's federal jurisdiction and the petition is moot.

The federal courts' jurisdiction extends only to actual cases or controversies.  *Garcia v. Bd. of Educ.*, 520 F.3d 1116, 1123 (10th Cir. 2008); *see also McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir.1996) ("[T]he existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction.").  "[T]his means

---

[3]The Severson Declaration details the BOP's review and recalculation of Petitioner's federal sentence:

> The [BOP] has computed Mr. Robinson's current federal sentence as commencing on the date it was imposed, which is June 24, 2005.  Moreover, the [BOP] has applied prior custody credit from the date of his initial arrest on August 25, 2004, through June 23, 2005, which is the day prior to imposition of his current federal sentence. The computation reduces Mr. Robinson's federal sentence by exactly 671 days and he is presently expected to be released with Good Conduct Time on May 11, 2013.

Respondent's Motion, Ex. 1, p. 2, ¶5.

that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotations omitted).

Although given the opportunity to respond to Respondent's motion, Petitioner has not done so and therefore has not disputed Respondent's assertion that the petition is now mooted by the amended computation by the BOP resulting in the award of 671 additional days credit toward his federal sentence. Therefore, the undersigned finds that Petitioner has been afforded the remedy he seeks in the instant habeas petition.

The petition is not moot, however, if Petitioner is able to demonstrate "collateral consequences adequate to meet Article III's injury-in-fact requirement." *Spencer*, 523 U.S. at 14. Because Petitioner's habeas petition attacks the execution of his sentence, rather than the underlying criminal conviction, collateral consequences are generally not presumed. *Id.* at 12-14. Petitioner has failed to respond to Respondent's assertion that his petition should be dismissed as moot and has failed to establish that any direct or collateral consequences survive the BOP's award of credits and recalculation of his release date. *Id.* at 7.

Based on the evidence before the Court, the undersigned finds that the instant petition no longer presents an Article III case or controversy for judicial review. Federal courts have no authority to give an opinion on a question that is moot as a result of events that occur during the pendency of the action. *See Suarez-Tejeda v. United States*, No. 02- 6341, 2004

WL 68758, *3 (10th Cir. Jan. 16, 2004) (unpublished)[4] (citing *Church of Scientology v. United States*, 506 U. S. 9, 12 (1992)).  Therefore, it is recommended that the petition be dismissed as moot.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Respondent's motion to dismiss (Doc. No. 9) be GRANTED and the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be DISMISSED with prejudice as moot.  Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by January 20, 2009, in accordance with 28 U.S.C. § 636 and LCvR 72.1.  Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein.  *Moore v. United States of America*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 31st day of December, 2008.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE

---

[4]This unpublished decision is cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.